In the Matter of the DEATH OF
Timothy I. McLAUGHLIN:

Michelle McLAUGHLIN, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Robert Husson, Director, Department of Labor and Employment, Division of Labor; NYCO, Inc.; and State Compensation Insurance Fund, Respondents.

No. 85CA1069.

Colorado Court of Appeals,
Div. II.

May 29, 1986.

Rehearing Denied July 10, 1986.

Certiorari Denied Nov. 3, 1986.

Withers, Seidman & Rice, P.C., Christopher Seidman, Grand Junction, for Michelle McLaughlin.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert Lehnert, Asst. Atty. Gen., Denver, for Industrial Com'n, Robert Husson, Director Dept. of Labor and Employment, Div. of Labor.

Paul Tochtrop, Denver, for NYCO, Inc., and State Compensation Ins. Fund.

VAN CISE, Judge.

Claimant, Michelle McLaughlin, widow and sole dependent of Timothy McLaughlin, deceased, seeks review of an order of the Industrial Commission reversing the hearing officer's award of benefits on her claim arising out of the death of her husband. We set aside the Commission's order and direct the reinstatement of the hearing officer's award.

On April 22, 1983, Timothy McLaughlin and Marcia Johnson, co-workers at NYCO, Inc., a Grand Junction supplier of concrete accessories and supplies, were shot and killed by Richard Johnson, Marcia's husband. Richard Johnson later committed suicide in Oregon.

In the two years preceding his death, McLaughlin was employed as a sales representative by NYCO. He worked on a commission basis and his job had no set hours. Marcia was employed as a secretary by NYCO. The Grand Junction NYCO office was managed by Ronald McCarter. The relationship among McLaughlin, Marcia Johnson, and McCarter was that of co-workers, with no significant social contact outside of the work place.

The hearing officer found that in February or March 1983, Richard Johnson became increasingly jealous of his wife's job at NYCO. At various times he threatened

to kill her, McLaughlin, McCarter, and all of the NYCO personnel. He made numerous harassing phone calls and kept the office under observation from nearby locations. In the days preceding April 22, the threats increased to the point that they were disrupting the peace and efficiency of the NYCO office.

On April 22, he appeared at the NYCO office during lunch time when Marcia was alone, and again threatened to kill McCarter and McLaughlin. In response to this threat, the two men went to Richard Johnson's work place at 2:30 p.m. in an effort to resolve the matter without violence, but Johnson was not there.

At about 4:00 p.m., McLaughlin left NYCO in a company truck loaded with construction materials for delivery to a customer in Craig, Colorado. He stopped by the house of a friend to arrange for feeding of his pets while he was gone. He indicated he would be back early in the afternoon of the following day.

At approximately 5:00 p.m., Marcia appeared at a health spa where she worked evenings. She had previously arranged to stay at the home of the manager of the spa that night. Fearful of Richard Johnson, the manager asked her not to bring her car to the house and not to walk there. Marcia told the manager that someone from NYCO would be picking her up and would take her to the house.

A few minutes later, McLaughlin arrived. He was offered a beer but refused, saying he had to "get on the road." He left with Marcia. As they reached the parked company truck, they were shot by Richard Johnson.

Upon hearing about the shooting incident, McCarter sent his wife and child away and barricaded himself in his home, fearful that he would be the next target resulting from Richard Johnson's jealousy towards Marcia's co-workers.

From the above, the hearing officer granted benefits to the widow. He concluded that: "McLaughlin suffered injury and death while performing services in the course of his employment," and that the "conditions and obligations of McLaughlin's employment placed him in a position resulting in his death, and his death, therefore, arose out of his employment."

NYCO's insurer, the State Compensation Insurance Fund, petitioned for review of the hearing officer's decision. The Industrial Commission reversed the hearing officer, holding that the "ultimate finding and conclusion that the death of McLaughlin was compensable as arising out of and in the course of employment was incorrect, contrary to the manifest weight of the evidence." It held that the circumstances of the death "were exclusively personal to the decedent," and "the origin or cause of the injury was not related to the performance of duties or functions in employment."

On review in this court, claimant contends that the evidentiary findings of fact, which were not challenged by the Commission or by respondents here, support the hearing officer's conclusions that McLaughlin's death arose out of and in the course of his employment, and that the Commission erred in concluding otherwise. We agree.

■■■ The dependents of a deceased employee are entitled to workmen's compensation benefits if, at the time of the injury resulting in his death, the employee was performing service "arising out of and in the course of his employment." Section 8–52–102, C.R.S. (1985 Cum.Supp.). The employee's activities must have been "sufficiently interrelated to the conditions and circumstances under which the employee usually performs his job functions that the activity may reasonably be characterized as an incident of employment, even though the activity itself is not a strict obligation of employment and does not confer a specific benefit on the employer." *City of Boulder v. Streeb*, 706 P.2d 786 (Colo. 1985).

■■■ Here, McLaughlin's death occurred during the performance of a task which arose exclusively out of his employment at NYCO. His employment there created and

sustained the co-worker relationship between him and Marcia Johnson. His being a co-worker with Marcia is what caused his death. Also, in view of the previous threats against all NYCO employees, his attempts to protect a co-worker were for the benefit of the employer.

The "arising out of and in the course of his employment" standard was met here. *See City of Boulder v. Streeb, supra.* Hence, the Commission's conclusions to the contrary cannot be sustained.

Because of our decision that the death was job-related, we do not address claimant's other contention.

The Commission's order is set aside and the cause is remanded with directions to reinstate the order of the hearing officer.

SMITH and SILVERSTEIN, JJ., concur.